UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KARL FANTZ,

        Plaintiff,

vs.

MARGARET MIMS, et al.,

        Defendants

Case No. 1:12 cv 02021 GSA PC

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

## I. Screening Requirement

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

This action proceeds on the first amended complaint filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. The Court dismissed the original complaint pursuant to Federal Rule of Civil Procedure 18(a) on the ground that Plaintiff set forth numerous unrelated claims. Plaintiff was directed to file an amended complaint setting forth only unrelated claims.

## II. Plaintiff's Claims

Plaintiff, an inmate incarcerated at the Fresno County Jail, brings this action against Fresno County Sheriff Margaret Mims, and Fresno County Jail Shift Commanders Lieutenant

Kuntz and Lieutenant Villos. Plaintiff's claims in this action relate to his conditions of confinement. Specifically, Plaintiff alleges that he is not provided hot meals.

A.   **Eighth Amendment**

For an Eighth Amendment claim for cruel and unusual punishment, Plaintiff must allege facts indicating that (1) there was a denial of "the minimal civilized measure of life's necessities" which (2) was caused by prison officers' "deliberate indifference" to Plaintiff's health or safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). To determine whether there has been a denial of the minimal civilized level of life's necessities, the court conducts an objective inquiry: was the deprivation sufficiently serious? The court conducts a subjective inquiry to determine whether the prison official acted with a sufficiently culpable state of mind; that is, with deliberate indifference to the health or safety of the prisoner. Wilson, 501 U.S. at 302-03. To establish an officer's deliberate indifference, a prisoner must show that (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009). Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. Id. at 835.

The Eighth Amendment protects a prisoner's right to receive food "adequate to maintain health." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). The Ninth Circuit has held that a denial of 16 meals in 23 days "is a sufficiently serious deprivation because food is one of life's basic necessities." Foster, 554 F.3d at 812-13. Other cases finding a sufficiently serious deprivation involve the plaintiff being deprived of food entirely for more than two consecutive days. See Dearman v. Woodson, 429 F.2d 1288, 89 (10th Cir. 1970)(no food for 50+ hours); Cooper v. Sheriff of Lubbock Co., 929 F.2d 1078, 1082-83 (5th Cir. 1991)(no food for twelve

days); Reed v. McBride, 178 F.3d 849, 53 (7th Cir. 1999)("infirm" plaintiff did not receive food for 3-4 days at a time); Robles v. Coughlin, 725 F.2d 12, 16 (2d. Cir. 1983)(no food for 12 days, some consecutive, out of 53 day period). In another case, the court found that depriving a plaintiff of four consecutive meals in two days is a sufficiently serious deprivation. Simmons v. Cook, 154 F.3d 805, 809 (8th Cir. 1998).

Here, the Court finds that Plaintiff's allegations fail to state a claim for relief. Liberally construed, Plaintiff's allegations indicate, at most, that his meals were served at room temperature. Plaintiff contends that "per California policy and federal court I am entitled to 1 hot meal a day." There are no such protections in the U.S. Constitution or federal law. As noted above, Plaintiff has a protected interest in food necessary to maintain health. There are no allegations that Plaintiff was not provided meals, or that the meals provided were inadequate to maintain health. The facts of the first amended complaint clearly allege that Plaintiff was consistently provided meals. This action should therefore be dismissed.

### III.    Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff alleges that his meals were served at room temperature. Plaintiff's allegations clearly indicate that he was consistently provided meals. There are no allegations, and the amended complaint cannot be so construed, that Plaintiff was not provided meals adequate to maintain health. Because the Court finds that this deficiency is not capable of being cured by amendment, the Court orders dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim upon which relief

may be granted.

    2.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and

    3.  The Clerk of Court is directed to close this case.

    IT IS SO ORDERED.

Dated: **May 31, 2013**       /s/
**Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

4